Labauve, J.
Thomas R. Sutton, died in February, 1867, leaving two minor sons, William Preston Sutton, born in his first marriage with Martha Lucinda Preston, a daughter of Zenas Preston, applicant for the administration, and Daniel Carroll Sutton, the issue of his last marriage with Anna Maria McCulloch, the opponent.
Zenas Preston, the maternal grandfather of the first minor, William Preston, applied for the administration of said succession, alleging himself to be a creditor, and also asking to be appointed as the legal tutor of his said grandson.
The widow of the deceased, opposed this application upon the following grounds :
1st. That no appointment was necessary, because there were no debts.
2d. .That there being no debts, Preston could not be a creditor, and if he was, théfe was enough to pay him.
3d. If administration was necessary, then as natural tutrix of her son and as owner of a large community interest with her said deceased husband, she was entitled to be preferred to Zenas Preston.
The District Judge rejected the application of Preston, and appointed the widow as administratrix of said estate. Zenas Preston appealed.
The application of Preston was filed on the áth of March, 1867, and on the 7th of same month the widow opposed it as stated above.
The alleged claim of Preston, as a creditor, is predicated upon the following account:
1867. — The succession of Thomas R. Sutton, deceased, in account with Zenas Preston.
To board, clothing, tuition, &c., of William Preston Sutton, from the 15th February, 1852, to the 15th February, 1867;
*151 To doctor’s bills paid during the 15 years,- averaging per year...... $30 00
To clothing, per year.........................................130 00
Boarding, $25 per month.....................................300 00
To servant hire, at $60 per year for five years $300, making an average for 15 years of $20 per month..................'. .'2000 00'
Cash actually paid to Miss Kewman for tuition for 15 years ■ $66 66 per year......................................... 66 66 "
Boarding teacher during the time, one year, at $30, is $300, making an average for 15 years of $20 per year........,..... 20 00
560 66
Making for 15 years a total of..............$8,409 90
This alleged claim is so extravagant and extraordinary on its face; that without better proof than is found in the record, it cannot be expected and presumed that it was ever understood by the parties that the father was to pay such charges; from all the circumstances in the case, it would appear to have been a benevolent parental act of affection from the grandfather towards his grandson, and that therefore, he did not anticipate and expect reimbursement of these expenditures which seem to have been intended by him, to be gratuitous. Yerrete v. Belanger, 6 An. 111.
We cannot therefore, for the present, as the case stands before us, consider Zenas Preston a creditor of the estate so as to entitle him to the administration as such; at the same time, we do not intend to prejudice his rights as a creditor.
The record informs us that widow Sutton was duly qualified as natural tutrix to her minor child, and nothing shows that Zenas Preston has been qualified according to law as tutor to his grandson. He maynever qualify, and we are bound to try the issue upon the evidence before us, and not upon the right that the parties have and which they might never exercise or be unable to exercise as prescribed by law. So, we conclude that the widow has shown a better right than Preston to the administration, even if Preston were a creditor. Civil Code Art. 1037, 1035.
The Judge below was of opinion that the appointment of an administrator was necessary, and we are not prepared to say that he erred; it was a matter left, in great part, to his sound discretion as.a probate judge.
The conclusion we have come to, dispenses us from passing on the bill of exceptions, as it is unnecessary to do so.
The judgment appealed from is affirmed, with costs.